United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11355
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DANNY FRANKLIN MELTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-101-ALL-L
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Danny Franklin Melton appeals his sentence following his

guilty-plea conviction of theft or receipt of stolen mail matter.

Melton argues that his three-year term of supervised release

should be vacated because, now that the Sentencing Guidelines are

advisory rather than mandatory under United States v. Booker, 125

S. Ct. 738 (2005), the district court was not required to impose

supervised release.  Because Melton did not raise the issue of

his supervised-release term in the district court, review is

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited to plain error.  See United States v. Vonn, 535 U.S. 55, 59 (2002).  Melton must show:  (1) an error; (2) that is clear or plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of his judicial proceedings.  See United States v. Olano, 507 U.S. 725, 732-35 (1993).

The district court erred in imposing Melton's term of supervised release under the mandatory Sentencing Guidelines scheme, and this error was obvious after Booker.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005).  However, Melton has not shown that the error affected his substantial rights as he has not shown that the record demonstrates that the district court judge would have imposed a different or lesser supervised-release term under a Booker advisory regime.  See id. at 733-34.  Therefore, he has not met the requirements to show plain error.  The district court's judgment is AFFIRMED.